UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON EUGENE THOMAS,

                    Petitioner,

                                                    Case Number 13-10357
v.                                                  Honorable David M. Lawson

SHERRY BURT,

                    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Shannon Eugene Thomas was the driver of a car involved in a fatal accident. He pleaded guilty in a Michigan court to operating a vehicle while license suspended causing death in violation of Michigan Compiled Laws § 257.904(4), and was sentenced to a prison term of 8 to 20 years, as stipulated in his plea agreement. One consideration for his guilty plea was the sentence cap in light of a fourth felony offender specification, which would have exposed Thomas to a life sentence. Thomas moved to withdraw his guilty plea at the sentencing hearing, arguing that he was charged improperly with the fourth offender specification, his guilty plea was coerced, and he got bad advice from his lawyer. His motion was denied then and again later after a hearing by the trial court. Thomas presented these arguments to the state appellate courts, which summarily denied relief, and again here in a habeas petition filed under 28 U.S.C. § 2254. Because Thomas has not shown any violation of his federal constitutional rights, the Court will deny his habeas petition.

I.

The accident occurred in Ecorse, Michigan on December 24, 2010. Ansel Clark, the petitioner's 18-year-old cousin, was a passenger in the van driven by the petitioner, and was killed in the accident. The petitioner was initially charged with operating a vehicle while license

suspended, revoked, or denied causing death; and failure to stop at the scene of an accident when at fault. The state served notice that it intended to seek punishment of the petitioner as a fourth habitual offender.

A preliminary examination was held, and the petitioner was bound over for trial in the Wayne County, Michigan circuit court. On May 26, 2011, a date set for a final pretrial conference, he pleaded guilty under a plea agreement to operating a vehicle while license suspended causing death. The state agreed to dismiss the other charge, and agreed that his sentence would be 8 to 20 years imprisonment. At that hearing, the petitioner indicated that he understood the terms of the agreement, that he understood the rights that he would be giving up by pleading guilty, that he had not been coerced or threatened into taking the plea, and that he was pleading guilty of his own free will. He also provided a factual basis for his plea. The trial court accepted the plea.

On June 15, 2011, the date set for sentencing, the petitioner moved to withdraw his guilty plea, claiming that it was coerced by the prosecution. The trial court denied the motion, discussed and made changes to the pre-sentence report, and sentenced the petitioner to the 8-to-20-year prison term, which the plea agreement specified.

The petitioner subsequently filed a written motion to withdraw his guilty plea, arguing that his plea was invalid. He contended that he was charged improperly as a fourth habitual offender, the sentencing guidelines were incorrectly scored such that his plea was involuntary, and defense counsel was ineffective. The trial court conducted a hearing on January 24, 2012, although it declined to take evidence on the ineffective assistance of counsel claim. The court found that the petitioner was charged correctly as a fourth habitual offender, the guidelines were scored correctly, and the plea was knowing and voluntary. The court denied the motion.

The petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, asserting that the trial court erred by denying his plea withdrawal motion and that he was denied the effective assistance of counsel.  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  *People v. Thomas*, No. 309175 (Mich. Ct. App. June 25, 2012).  The Michigan Supreme Court also denied leave to appeal.  *People v. Thomas*, 493 Mich. 892, 822 N.W.2d 554 (2012).

The petitioner thereafter filed his federal habeas petition.  He argues that (1) he should have been allowed to withdraw his guilty plea; (2) he was denied the right to effective assistance of counsel; and (3) he was charged improperly with being a fourth habitual felony offender.  In support of his claims, he attaches the brief that his appellate counsel submitted to the Michigan Court of Appeals on direct appeal.  The respondent has filed an answer to the petition contending that it should be denied for lack of merit.  The petitioner has filed a reply brief asserting that he is entitled to habeas relief.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel.  *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  Because Thomas filed his petition after the AEDPA's effective date, its standard of review applies.  Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, --- U.S. ---, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Dewald v. Wriggelsworth*, 748 F.3d 295, 298-99 (6th Cir. 2014); *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d

587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011).

A.

The petitioner first asserts that he is entitled to habeas relief because the trial court erred when it denied his motion to withdraw his guilty plea. The petitioner argued that his guilty plea was involuntary because he was overcharged and over-sentenced. One might be tempted in a case like this — where the petitioner was told of the likely sentence before he pleaded guilty, and actually received the sentence he bargained for — to write off the petitioner's complaint as an instance of buyer's remorse. But here, the petitioner says that he was misled about the potential downside of his predicament: a potential life sentence stemming from the fourth habitual offender designation. He says that because the charge was improper, the negotiations were tainted and his guilty plea was involuntary.

As the state court held, however, the premise of the petitioner's argument is flawed. The sentencing guidelines were scored properly and the fourth habitual offender charge had a valid basis.

Among the petitioner's prior convictions was one for possession of a firearm during the commission of a felony (felony firearm). The petitioner argued in the trial court that the state cannot count such a conviction in its tally of prior felonies under the habitual offender scheme. In support of that claim, he cited *People v. Honeycutt*, 163 Mich. App. 757, 415 N.W.2d 12 (1987). But it appears that the petitioner misread that case, which held that a felony firearm conviction cannot be enhanced under the habitual offender statutes, because felony firearm is a crime that has its own

-5-

enhancement scheme for second and subsequent offenses. The case did not hold that a felony firearm conviction does not count when determining whether a defendant is an habitual offender. *See People v. Clark*, Nos. 305552, 305601, 305681, 2014 WL 354623, at *5 (Mich. Ct. App. Jan. 30, 2014). Rather, under Michigan law, a felony firearm conviction can be a predicate for an habitual offender finding. *See People v. Gardner*, 482 Mich. 41, 753 N.W.2d 78 (2008) (holding that felonious assault and felony firearm convictions arising from the same incident counted as two prior offenses, so the defendant was properly sentenced as a third habitual offender).

That reality exposes the flaw in the petitioner's argument that his guilty plea was invalid. When a habeas petitioner was convicted as a result of a guilty plea, habeas review is limited to whether the plea was voluntary, intelligent, and knowing. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

The state courts addressed all these components, either explicitly or implicitly, when the trtial court denied the petitioner's motion to withdraw his plea and the Michigan appellate courts denied leave to appeal. The state trial judge held that the fourth habitual offender charge was

proper, and the sentencing guidelines were scored correctly. There was no other basis to question the voluntariness of the petitioner's guilty plea.

The state court record establishes that the petitioner's guilty plea was knowing, intelligent, and voluntary. The petitioner was 27 years old at the time of his guilty plea and had prior experience with the criminal justice system. *See* Offender Profile, http://mdocweb.state.mi.us/OTIS2/ otis2profile.aspx?mdocNumber=599128 (listing six prior convictions). There is no evidence that he suffered from physical or mental ailments that would have impaired his ability to understand the criminal proceedings or the nature of his plea. The petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised the petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the charges and the terms of the plea and its direct consequences, including the parties' agreed-upon sentence of 8 to 20 years imprisonment. The petitioner stated that he understood the terms of the plea agreement, he was pleading guilty of his own free will, and he had not been coerced, threatened, or promised anything else to induce his plea. No reasonable jurist could conclude that the state court failed to touch all the bases when accepting the petitioner's guilty plea.

The petitioner asserts that his guilty plea agreement was illusory because he was charged improperly as a fourth habitual offender. But that argument holds no water, and he received other benefits from the plea agreement as well. Because the petitioner faced a potential life sentence as a fourth habitual offender, he was advised accurately about the consequences of his guilty plea. He benefitted from the dismissal of the leaving the scene of an accident charge. And his sentence

exposure was capped.  The petitioner's plea was knowing and voluntary and his plea agreement was not illusory.

The petitioner also argues that he was misled by an inappropriately severe sentencing guideline score during the plea negotiations.  There are two problems with that argument.  First, the petitioner agreed to a specific sentence of 8 to 20 years imprisonment, not to a sentence within the guideline range or otherwise dependent upon the guidelines scoring.  Under Michigan law, a defendant waives any objection to a sentence when he voluntarily and knowingly accepts a plea bargain for that specific sentence.  *See, e.g., People v. McKay*, 474 Mich. 967, 706 N.W.2d 832 (2005) (denying leave to appeal "because, by accepting a valid *Cobbs* agreement, defendant waived his objection to the scoring of OV-13"); *People v. Wiley*, 472 Mich. 153, 154, 693 N.W.2d 800 (2005) (court not required to provide reasons for upward departure when the sentence was part of a valid plea agreement).  Second, when ruling on the post-conviction motion, the state trial court determined that the guidelines were scored correctly.  A federal habeas court cannot second-guess a state court's determination of such a state law issue.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Nothing in the record suggests that the petitioner was misled by any misrepresentation about the consequences of a conviction.

The plea bargain was not illusory, and there is no basis in the record to conclude that guilty plea was not voluntary or knowingly made.

-8-

B.

The petitioner relatedly asserts that he is entitled to habeas relief because defense counsel was ineffective by giving him bad advice about the fourth habitual offender charge and the sentencing guidelines scoring. In light of the above, this argument is easily addressed.

To succeed on an ineffective assistance of counsel claim, the petitioner "must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). However, defense counsel's performance cannot be deemed deficient for failing to make futile or meritless objections. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). The bad advice the petitioner complains about was not bad at all. It was accurate, and the record reflects that counsel obtained a favorable plea and sentencing agreement. The petitioner was not denied the effective assistance of counsel.

III.

For the reasons stated, the Court finds that the petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  July 13, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 13, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI